## GOTTFRIED *v.* CRESCENT BREWING Co.

*(Circuit Court, D. Indiana.* September 21, 1882.)

PATENT FOR INVENTION—DEVICE.

> A device consisting of old elements combined, and practically superseding all other known means of pitching kegs and other small receptacles, is not a mere mechanical equivalent of any other device.

*Banning & Banning,* for complainants.

*Parkinson & Parkinson,* for defendants.

GRESHAM, D. J. I have considered the proofs and arguments on the motion for a rehearing, and am convinced that in holding the complainants' patent invalid undue importance was attached to the German publications, the Cochrane and Slate patent, and the Siebel device as anticipating defenses. See 9 FED. REP. 762. The German publications are vague and uncertain, and describe no machine capable of practical and successful use by brewers for pitching casks and kegs.

It is sufficient to say of the Cochrane and Slate device, without again stopping to describe it, that, without material changes in its construction or arrangement, it cannot be made to produce the same useful results as are produced by the complainants' device.

I am still of opinion, however, that the complainants' patent cannot be sustained on the theory that they were the first to use a hot blast, from which the oxygen had been removed, in heating the interior of casks for the purpose of pitching them. Siebel, we have already seen, heated the cask with his machine for the same purpose by the application of a hot blast, which he deprived of its combustible properties by forcing it through and in actual contact with the fire in the furnace.

This furnace he inserted into the cask through the man-hole, and there operated it. Of course, this machine could not be used in pitching kegs or other small receptacles into which it could not be inserted. In this and other respects the Siebel device was crude and imperfect,

compared with the complainants' machine, which was located and operated outside the receptacle to be heated and pitched, and which was adapted to pitching barrels and small kegs as well as casks.

The complainants' device was the first, and the proof shows that it is to-day the only, means by which brewers are enabled to pitch barrels and kegs without removing the heads. This device also forces into the receptacle to be heated a much hotter blast than Siebel can apply with his machine, and with it brewers are enabled to do their pitching more expeditiously and economically.

The method or means which the complainants employed in forcing into the cask a hot blast, consisting of the same elements as the Siebel blast, produced, if not a new result, certainly a much better one than could be produced by any other method or means then known to persons engaged in the business of brewing. Compared with other means for heating the interior of casks and receptacles, the complainants produced a new mechanism or thing which enabled them to pitch casks and kegs more rapidly and economically than they had ever been pitched before. I think the complainants were entitled to a patent, not for the improved or better result or effect, but for the mechanism or means by which the result was accomplished.

It is the policy of the law to encourage useful improvements, and I am unwilling to hold that the complainants' device, consisting of old elements, combined and operated as stated in the specification, practically superseding, as it does, all other known means of pitching kegs and other small receptacles, and greatly superior, as it confessedly is, to Siebel's machine for pitching large casks, is the mere mechanical equivalent of the latter, or of any other device.

These are briefly my reasons for withdrawing my former ruling, and for now entering a decree in favor of the complainants, with an order for an account of profits.